CAMPBELL v. RAILROAD.

(*Nashville.*     January  28,  1897.)

1. SUPREME COURT.  *Question made for first time on appeal.*

   An objection that the two counts of the declaration setting up
   the same cause of action are incompatible, cannot be first taken
   on appeal where the verdict is clearly referable to one of such
   counts.  (*Post, pp. 149, 150.*)

2. DECLARATION.  *Counts not incompatible.*

   A common law count for damages to stock killed by a railroad
   train is not incompatible with a count, under Acts 1891, Ch.
   101, authorizing recovery for an appraisement of the stock
   killed or crippled, and an attorney's fee in addition, if the jury
   agree with the appraisers as to value, and the company had
   failed for sixty days after the appraisement, and before com-
   mencement of the suit, to pay the amount thereof.  (*Post, pp.
   149, 150.*)

   Act construed: Acts 1891, Ch. 101.

3. EVIDENCE.  *Appraisement of value of stock under Acts 1891, Ch.
   101, not admissible, when.*

   An appraisement of the value of stock killed by a railroad train
   is not admissible in evidence where the reports of the appraise-
   ment fail to show that the appraisers were disinterested house-
   holders of the county, or that they were sworn before under-
   taking the office of appraisers, or that they ever examined the
   stock killed, as required by Acts 1891, Ch. 101, to make such ap-
   praisement *prima facie* evidence as to the value of the stock
   killed.  (*Post, pp. 150–152.*)

   Act construed: Acts 1891, Ch. 101.

---

FROM   MAURY.

---

Appeal  in  error  from  Circuit  Court  of  Maury
County.   E.  D.  PATTERSON,  J.

FIGUERS & PADGETT for Campbell.

GEORGE T. HUGHES & SON for Railroad.

BEARD, J.    This record embraces two causes be-
tween the same parties, by agreement consolidated
and tried together in the Circuit Court.    Both these
actions were brought to recover damages for stock,
which, it is alleged, were killed by the moving
trains of the railroad company, at different times,
on unfenced portions of its roadbed.    The declara-
tion in each one of these cases contained a common
law count, and also a count resting on an appraise-
ment of value, made after the killing of stock, and
seeking a recovery of this appraised value, and also
of attorney's fees, under Secs. 4 and 5 of Ch. 101
of the Acts of 1891 (Shannon's Code, §§ 1589,
1590).    The defendant below filed separate pleas to
these counts.    On the trial of the cases there were
verdicts for the plaintiff below, giving him the ap-
praised value of his stock and also attorney's fees in
the two actions.    From the judgments rendered in
these two verdicts the causes in their present form
have been appealed by the railroad company to this
Court.    It is now insisted that this case should be
reversed, because, as is argued, the two counts of
the declaration above indicated are incompatible.
This objection is made in this Court for the first
time.    It was not raised by a demurrer or in any
other way in the Court below.    In this state of
the record, the verdicts being clearly referable to

the second count, which in its averments conformed to the statute in question, we think it comes too late. In addition, however, we do not agree that these counts are incompatible, or that in the use of the common law count seeking general damages the plaintiff below was precluded from setting up and seeking recovery upon an appraisement, contemplated by the Act of 1891, already referred to. The same injury is complained of, and a recovery is sought in damages, to make good the loss by reason thereof, in both counts. Under the common law count, and under the statutory count, the amount of these damages is a matter of proof, the only difference on this point being that under the latter the appraisement is a *prima facie* evidence of value. It is true that under the latter count, if his appraisement is conformable to the statute and the jury should agree with the appraisers as to value, then the plaintiff, if the defendant has failed for sixty days after the appraisement, and before the institution of the suit, to pay the amount so found, may recover additionally his attorney's fees. This, however, is no part of the damages for the plaintiff, but is given "in addition to the assessed value," "in case of litigation," like costs, in order that the plaintiff may sustain no loss by reason of the defendant's wrongful conduct.

On the trial of the case the plaintiff below read to the jury, over the objection of the railroad company, a report of the appraisers as to the value of

the stock in question. In permitting this the trial Judge committed an error. Sec. 4, Ch. 101, of the Acts of 1891, under which it was claimed this appraisement was made, is in these words: "Whenever any stock may be killed or crippled by any train of cars or locomotive upon any unfenced railway within this State, it shall be lawful for the owner of the stock so killed or crippled, after first giving the nearest station agent of the company to which said railroad shall belong, written notice of his intention to apply to a Justice of the Peace within the district in which said stock may have been killed or crippled, and said Justice . . . shall appoint three discreet and disinterested householders of his county a board of appraisers, who, after being duly sworn, shall examine the stock so killed or crippled, and affix a value on the same, if killed, or assess the damages to the same if crippled, and return to said Justice of the Peace a written report, carefully describing the stock, stating whether they were killed or crippled, and also setting out the valuation or assessment of damages made by them; which report said Justice of the Peace shall file and preserve as a part of the records of his office, and said report shall be *prima facie* evidence as to the value of said stock killed or damages as to that crippled."

The reports of appraisement which were submitted to the jury in these causes fall far short of the requirements of this section. Each failed to show

that the parties who made the appraisements were disinterested householders of the county, or that they were sworn before undertaking the office of appraisers, or that they ever examined the stock killed in order to make the appraisements; nor was there any effort made by outside testimony to remedy these vital defects, even if they could be thus supplemented, and this we do not decide. The statute in question intends to furnish to the party whose stock has been killed or crippled, a speedy method of ascertaining loss, by the inspection under oath of disinterested and properly qualified appraisers of the property injured or killed, and makes the valuation fixed by them the basis of his claim and recovery, unless overturned by proof. It is a new and special tribunal constituted for his convenience and benefit, and the Court does not impose too much of a burden in requiring him to see that it exercises its functions in accordance with the terms of the statute, if he desires to avail himself of its privileges. Especially is this so, when if he fails to present a statutory appraisement, an opportunity is given him to recover as at common law.

For this error these causes are reversed and remanded.